1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**MCGUIREWOODS LLP**
David C. Powell (SBN 129781)
dpowell@mcguirewoods.com
Alicia A. Baiardo (SBN 254228)
abaiardo@mcguirewoods.com
Two Embarcadero Center, Suite 1300
San Francisco, CA 94111-3821
Telephone: 415.844.9944

Attorneys for Defendant
Capital One N.A., d/b/a Capital One Auto Finance

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| KRYSTAL FERNANDEZ and BRETT BECKER,<br>On behalf of themselves and all others similarly situated,<br><br>           Plaintiffs,<br><br>      vs.<br><br>CAPITAL ONE, N.A., d/b/a CAPITAL ONE AUTO FINANCE,<br><br>          Defendant. | CASE NO. 2:21-cv-2253-JVS-MPW<br><br>**CAPITAL ONE, N.A.'S NOTICE OF MOTION AND MOTION TO STRIKE THE NATIONWIDE CLASS ACTION CLAIMS AND ALLEGATIONS AND MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF**<br><br>Date:       August 30, 2021<br>Time:       1:30 p.m.<br>Courtroom: 10C<br>Complaint Filed:   March 12, 2021<br><br>Hon. James V. Selna |

## NOTICE OF MOTION AND MOTION

**TO PLAINTIFFS KRYSTAL FERNANDEZ AND BRETT BECKER AND THEIR COUNSEL OF RECORD:**

NOTICE IS HEREBY GIVEN that on August 30, 2021, at 1:30 p.m. in Courtroom 10C of the United States District Court, Central District of California, located at 411 West 4th Street, Santa Ana, CA 92701, Defendant Capital One, N.A. d/b/a Capital One Auto Finance ("COAF") will and hereby does move the Court, pursuant to Federal Rule of Civil Procedure 12(f) and 23(d)(1)(D), to strike allegations from Plaintiffs Krystal Fernandez and Brett Becker's (collectively, "Plaintiffs") Complaint that attempt to assert a nationwide class of common law claims (breach of contract) and declaratory relief on the grounds that Plaintiffs do not have standing to represent such a class and cannot satisfy the elements of Rule 23 required to maintain a nationwide class action.

To that end, COAF moves for an order striking the purported nationwide class and nationwide class allegations from the Complaint, including, but not limited to, the following:

1. Paragraph 13(a), page 5, lines 21-22 "to every customer in the United States;"

2. Paragraph 20(a), page 8, lines 4-11 "Nationwide Class;"

3. Paragraph 20(b), page 8, line 13 "Nationwide Class;"

4. Paragraph 20(c), page 8, line 21 "Nationwide Class;"

5. Paragraph 25(p), page 11, line 17 "throughout the United States;"

1

DATED:  June 8, 2021

**McGUIREWOODS LLP**

2

3

By:   */s/ David C. Powell*

4

David C. Powell
Alicia A. Baiardo

5

*Attorneys for Defendant Capital One,
N.A., d/b/a Capital One Auto Finance*

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1

**TABLE OF CONTENTS**

2

Page

3

TABLE OF AUTHORITIES ............................................................................... iv

4
I.  INTRODUCTION ....................................................................................... 1

5
II.  FACTUAL BACKGROUND ..................................................................... 2

6
III.  STANDARD OF REVIEW ........................................................................ 4

7
IV.  ARGUMENT .............................................................................................. 5

8

9
A.  Plaintiffs Lack Standing to Assert Common Law Claims on Behalf of Class Members From Jurisdictions With Which Plaintiffs Have No Connection. ...................................................... 5

10
B.  Plaintiffs' Proposed Nationwide Class Cannot Satisfy Rule 23. ........... 6

11
1.  Breach of Contract. ................................................................. 9

12
a.  Differences in Contract Forms Alone Preclude Certification. ................................................................ 12

13

14
b.  Law on Conditions Precedent and Substantial Performance Also Varies Materially by State. ............... 13

15
c.  Statutes of Limitations Differ As Well. ......................... 15

2.  Declaratory Relief. ................................................................ 15

16
V.  CONCLUSION ......................................................................................... 17

17

18

19

20

21

22

23

24

25

26

27

28

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Am. W. Door & Trim v. Arch Specialty Co.*,
   No. CV 15-00153 BRO SPX, 2015 WL 1266787 (C.D. Cal. Mar. 18, 2015) ................................................................................... 4

*Backus v. ConAgra Foods, Inc.*,
   No. C 16-00454 WHA, 2016 WL 7406505 (N.D. Cal. Dec. 22, 2016) ...................................................................................... 13

*Bowers v. Jefferson Pilot Fin. Ins. Co.*,
   219 F.R.D. 578 (E.D. Mich. 2004) ................................................. 10

*Broussard v. Meineke Discount Muffler Shops, Inc.*,
   155 F.3d 331 (4th Cir. 1998) .......................................................... 10

*Cambridge Techs., Inc. v. Argyle Indus., Inc.*,
   807 A.2d 125 (Md. Ct. Spec. App. 2002) ...................................... 14

*Coca-Cola Bottling Co. of Elizabethtown, Inc. v. Coca-Cola Co.*,
   95 F.R.D. 168 (D. Del. 1982), *on recons.*, 98 F.R.D. 254 (D. Del. 1983) ................................................................................................ 11

*Consolidate Fiberglass Prods. Co. v. Gemini Ins. Co.*,
   No. 09-CV-1632-H (WMC), 2011 WL 13180451 (S.D. Cal. Feb. 4, 2011) ................................................................................................ 17

*Contos v. Wells Fargo Escrow Co., LLC*,
   No. C08-838Z, 2010 WL 2679886 (W.D. Wash. July 1, 2010) ....... 15

*Decker v. Mazda Motor of Am., Inc.*,
   No. SACV 11-0873 AG-MLG, 2013 WL 12129281 (C.D. Cal. Mar. 29, 2013) ...................................................................................... 8

*Edwards v. Storms*,
   294 S.W. 165 (Ky. 1927) ................................................................ 14

*Evergreen Square of Cudahy v. Wis. Hous. & Econ. Dev. Auth.*,
   No. 13-CV-743-JPS, 2016 WL 53871 (E.D. Wis. Jan. 4, 2016) ....... 14

- iv -

*In re First Am. Home Buyers Prot. Corp. Class Litig.*,
313 F.R.D. 578 (S.D. Cal. 2016) ........................................................... 8

*Gen. Tel. Co. v. Falcon*,
457 U.S. 147 (1982) .............................................................................. 4

*Gianino v. Alacer Corp.*,
846 F. Supp. 2d 1096 (C.D. Cal. 2012) ............................................... 8

*Grace v. Apple, Inc.*,
328 F.R.D. 320 (N.D. Cal. 2018) .......................................................... 8

*Gustafson v. BAC Home Loans Servicing, LP*,
294 F.R.D. 529 (C.D. Cal. 2013) ................................................. *passim*

*Hanon v. Dataproducts Corp.*,
976 F.2d 497 (9th Cir. 1992) .............................................................. 13

*HDS Retail N. Am., L.P. v. PMG Int'l, Ltd.*,
No. H-10-3399, 2012 WL 4485332 (S.D. Tex. Sept. 27, 2012) ........ 14

*Herrera vs. Wells Fargo Bank, N.A.*, No. SACV 18-332 JVS(MRWx),
2020 WL 5802421 (C.D. Cal. Sept. 1, 2020) (Selna, J.)................ 9, 14

*Herskowitz v. Apple, Inc.*,
301 F.R.D. 460 (N.D. Cal. 2014) ....................................................... 17

*In re Jackson Nat'l Life Ins. Co. Premium Litig.*,
183 F.R.D. 217 (W.D. Mich. 1998) .................................................... 11

*Jim Moore Ins. Agency, Inc. v. State Farm Mut. Auto. Ins. Co.*,
No. 02-80381-Civ, 2003 WL 21146714 (S.D. Fla. May 6, 2003) ..... 10

*Keegan v. Am. Honda Motor Co., Inc.*,
284 F.R.D. 504 (C.D. Cal. 2012)........................................................ 15

*Kinesoft Dev. Corp. v. Softbank Holdings Inc.*,
139 F. Supp. 2d 869 (N.D. Ill. 2001).................................................. 14

*Klay v. Humana, Inc.*,
382 F.3d 1241 (11th Cir. 2004) .......................................................... 12

*Lane v. Wells Fargo Bank, N.A.*,
    No. C 12-04026 WHA, 2013 WL 3187410 (N.D. Cal. June 21,
    2013) ................................................................................................ 10

*Lichoff v. CSX Transp., Inc.*,
    218 F.R.D. 564 (N.D. Ohio 2003) ............................................... 10, 11

*Lozano v. AT&T Wireless Servs., Inc.*,
    504 F.3d 718 (9th Cir. 2007) ........................................................ 8, 17

*Mazza v. Am. Honda Motor Co., Inc.*,
    666 F.3d 581 (9th Cir. 2012) .......................................................... 7, 8

*Mercado v. Audi of Am., LLC*,
    No. ED CV18-2388 JAK (SPx), 2019 WL 9051000 (C.D. Cal. Nov.
    26, 2019) ............................................................................................ 6

*Mollicone v. Univ. Handicraft, Inc.*,
    No. 2:16-cv-07322-CAS (MRWx), 2017 WL 440257 (C.D. Cal.
    Jan. 30, 2017) .................................................................................... 6

*Pilgrim v. Univ. Health Card, LLC*,
    660 F.3d 943 (6th Cir. 2011) ............................................................ 8

*Rapp v. Green Tree Servicing, LLC*,
    302 F.R.D. 505 (D. Minn. 2014) .................................................... 10

*Route v. Mead Johnson Nutrition Co.*,
    No. CV 17-7530-GWJEMx, 2013 WL 658251 (C.D. Cal. Feb. 21,
    2013) .................................................................................................. 5

*Schertzer v. Bank of Am., N.A.*,
    445 F. Supp. 3d 1058 (S.D. Cal. 2020) ............................................. 6

*Schulken v. Wash. Mut. Bank*,
    No. 09-CV-02708, 2012 WL 28099 (N.D. Cal. Jan. 5, 2012) ........... 9

*Stewart v. Kodiak Cakes, LLC*,
    No. 19-CV-2454-MMA (MSB), 2021 WL 1698695 (S.D. Cal. Apr.
    29, 2021) ............................................................................................ 5

*Underwood v. Future Income Payments, LLC*,
    No. SA CV 17-1570-DOC, 2018 WL 4964333 (C.D. Cal. Apr. 26,
    2018) .................................................................................................. 4

*Wal-Mart Stores, Inc. v. Dukes*,
    564 U.S. 338 (2011) ................................................................................ 16

*Weisberg v. Takeda Pharms. U.S.A., Inc.*,
    No. CV 18-784 PA, 2018 WL 4043171 (C.D. Cal. Aug. 21, 2018) ................... 8

*Westways World Travel, Inc. v. AMR Corp.*,
    No. EDCV 99-386, 2005 WL 6523266 (C.D. Cal. Feb. 24, 2005),
    *aff'd*, 265 F. App'x 472 (9th Cir. 2008) ............................................... 12

*Zinser v. Accufix Res. Inst., Inc.*,
    253 F.3d 1180 (9th Cir. 2001) ............................................................. 11

**Statutes**

735 Ill. Comp. Stat. 5/13-206 ....................................................................... 15

Colo. Rev. Stat. § 13-80-101(1)(a) ................................................................. 15

Ky. Rev. Stat. § 413.090(2) ......................................................................... 15

Minn. Stat. Ann. § 59D.07(2)(b) .................................................................... 13

Tex. Fin. Code § 354.007(e) ...................................................................... 3, 13

Wis. Stat. § 893.43 ..................................................................................... 15

**Rules**

Fed. R. Civ. P. 23 ........................................................................................ 4

**Regulations**

4 Colo. Code Regs. § 902-1:8 ......................................................................... 3

**Other Authorities**

James M. McLaughlin, 1 McLaughlin on Class Actions § 3:4 (16th ed.
    2019) ............................................................................................... 4

CAPITAL ONE'S MOTION TO STRIKE NATIONWIDE CLASS ACTION CLAIMS AND ALLEGATIONS

## **MEMORANDUM OF POINTS AND AUTHORITIES**

Capital One, N.A., d/b/a Capital One Auto Finance ("COAF") submits this Memorandum in Support of its Motion to Strike the Nationwide Class Action Claims and Allegations set forth in the Complaint of Plaintiffs Krystal Fernandez ("Fernandez") and Brett Becker ("Becker," and with Fernandez, "Plaintiffs").

## **I.   INTRODUCTION**

Plaintiffs' nationwide putative class action complaint is predicated on common law claims for breach of contract and declaratory relief, but case law prohibits these types of nationwide class claims because of the inherent material differences in state law for these claims as well as the material differences in the contracts themselves.[1]

The representative plaintiffs are from California and Minnesota. They entered into contracts with auto dealers governed by Texas and Minnesota law, respectively. COAF later acquired these RISCs from the dealers. Plaintiffs' attempt to represent the interests of putative class members from all 51 jurisdictions—when they only have connection to two jurisdictions (Texas and Minnesota)—sidesteps Article III's standing requirements as well as Supreme Court and Ninth Circuit precedent. As explained below, Plaintiffs lack standing to bring this suit as a nationwide class action, so the Court should strike or dismiss these nationwide class claims.

Even if Plaintiffs had standing to assert nationwide claims (and they do not), the Complaint demonstrates that Plaintiffs cannot meet Rule 23's requirements for class certification. Because the deficiencies in Plaintiffs' nationwide claims are apparent from the face of the Complaint, the Court need not (and should not) wait for the class certification stage to dismiss Plaintiffs' nationwide claims. Plaintiffs' breach of contract claim encompasses hundreds, if not thousands, of individual

---

[1] Fernandez also alleges a violation of California Business & Professions Code section 17200 (the "UCL"). The Court should dismiss this claim, along with all other claims, for the reasons set forth in COAF's concurrently filed Motion to Dismiss.

contracts that have different rights, obligations, and conditions, and are governed by different state law—as exemplified by these two named Plaintiffs' unique situations. Even the two named Plaintiffs' contracts are different enough from one another, and thus it would be difficult to impossible to have a joint trial on just their individual claims, much less the claims of class members from every jurisdiction across the country. Finally, Fernandez would not meet the requirements of the class that she seeks to represent in this case. As set forth below, the Court should strike Plaintiffs' nationwide class allegations.

## II.  <u>FACTUAL BACKGROUND</u>

Plaintiffs each financed their purchase of a vehicle from an independent auto dealer. Comp. ¶¶ 17-18. Fernandez financed her purchase from a dealer in Texas and signed a retail installment sales contract ("RISC") governed by Texas law. Compl. ¶ 17; Declaration of Brigitte ("Billups Decl.") ¶¶ 7-8 & Ex. A. Becker financed his purchase from a dealer in Minnesota and signed a RISC governed by Minnesota law. Compl. ¶ 18; Billups Decl. ¶¶ 15-16 & Ex. B. Each dealer later assigned the RISCs to COAF. Billups Decl. ¶¶ 9, 17 & Exs. A, B.

As part of their purchases and the amount financed, Plaintiffs chose to purchase Guaranteed Automobile Protection coverage ("GAP"), an optional "aftermarket" product that protects a customer who owes more on a RISC than the vehicle is worth if a total loss occurs. Billups Decl. Exs. A, B. Each Plaintiff's GAP purchase is documented in the RISC and a "GAP Agreement," which amends the RISC and sets forth the terms of GAP. *Id.* Generally, a GAP agreement's terms vary, as GAP is administered by many unaffiliated "GAP Administrators" across the country. Billups Decl. ¶ 4. For instance, the amount paid for GAP, whether a refund of GAP premiums is available after early payoff of the underlying RISC, and the steps required to receive a refund vary by GAP agreement. Exemplifying this, Plaintiffs have differing GAP Agreements, as Fernandez's imposes an affirmative obligation to provide pre-suit notice as well as provide written notice of cancellation,

while Becker's GAP Agreement is made under Minnesota law, which requires written notice of cancellation as well, and that Becker submit a written refund request.  Billups Decl. Exs. A, B.  Fernandez did not provide her pre-suit notice, and Becker did not provide a written refund request.  *See generally* Compl.; Billups Decl. ¶¶ 14, 19.  Not all states have this specific requirement like Minnesota's, and some states require the lender to ensure a GAP refund is made—like Texas or Colorado for example.   Tex. Fin. Code § 354.007(e); 4 Colo. Code Regs. § 902-1:8.  Accordingly, in addition to the *terms* of GAP agreements varying widely, *state law treatment* of GAP agreements and refunds varies widely as well.

Plaintiffs' Complaint alleges they paid off their respective RISCs early, and as a result, they were entitled to, but did not receive, a refund of unused GAP fees ("GAP Refund").  Compl. ¶¶ 17-18.  For their breach of contract claim, Plaintiffs allege COAF breached the RISCs and GAP Agreements by failing to provide a GAP Refund.  *Id.* ¶¶ 33-46.  For their declaratory relief claim, Plaintiffs seek an order declaring that COAF has to provide a GAP Refund under their GAP Agreements.  *Id.* ¶¶ 56-59.   For both claims, Plaintiffs seek to represent a nationwide class, California subclass (as to Fernandez), and/or a Minnesota subclass (as to Becker).

Plaintiffs propose the following nationwide class:

> **Nationwide Class**: Plaintiffs seek to represent a nationwide class including all persons: (1) who entered into finance agreements that included GAP [Agreements] that were assigned to [COAF]; (2) who paid off their finance agreements before the end of the contract term; and (3) who did not receive a credit or refund of the unearned GAP fees and/or the accrued interest on those unpaid amounts (the "Nationwide Class"). On behalf of the Nationwide Class, Plaintiffs are asserting claims against [COAF] for breach of contract and declaratory relief. The class period is based on the applicable statutes of limitations in each State.

*Id.* ¶ 20(a).

1

### III. <u>STANDARD OF REVIEW</u>

A class may be certified only if a plaintiff establishes all four requirements of
Rule 23(a) and at least one requirement of Rule 23(b).  Rule 23(a) requires Plaintiffs
to show:

> (1) the class is so *numerous* that joinder of all members is impracticable; (2)
> there are questions of law or fact *common* to the class; (3) the claims or
> defenses of the representative parties are *typical* of the claims or defenses of
> the class; and (4) the representative parties will fairly and adequately *protect*
> the interests of the class.

Fed. R. Civ. P. 23(a) (emphasis added).  Plaintiffs bring this putative class action
under Rule 23(b)(3), under which they must establish "that the questions of law or
fact common to class members *predominate* over any questions affecting only
individual members, and that a class action is *superior*" to other methods of
resolving the controversy.  Fed. R. Civ. P. 23(b)(3) (emphasis added); *see* Compl.
¶ 20.

The Court has discretion to strike or dismiss class allegations at the pleading
stage and need not wait until the class certification stage.  *Gen. Tel. Co. v. Falcon*,
457 U.S. 147, 160 (1982) ("[S]ometimes [class certification] issues are plain enough
from the pleadings."); *Underwood v. Future Income Payments, LLC*, No. SA CV
17-1570-DOC (DFMx), 2018 WL 4964333, at *4 (C.D. Cal. Apr. 26, 2018) ("Under
[Rules] 12(f), 23(c)(1)(A), and 23(d)(1)(D), the Court has authority to strike class
allegations prior to discovery if the complaint demonstrates that a class action cannot
be maintained."); *Am. W. Door & Trim v. Arch Specialty Co.*, No. CV 15-00153
BRO SPX, 2015 WL 1266787, at *8 (C.D. Cal. Mar. 18, 2015) (granting motion to
strike class allegations "where the allegations make it obvious that classwide relief
is not available"); James M. McLaughlin, 1 McLaughlin on Class Actions § 3:4
(16th ed. 2019) (explaining that Rule 23 "expressly authorizes a motion to strike
class allegations").  Particularly relevant here, courts have the power to "require that
the pleadings be amended to eliminate allegations about representation of absent
persons." Fed. R. Civ. P. 23(d)(1)(D).

Courts often reason that it is appropriate to strike class allegations that are deficient on their face at the pleading stage to avoid the unnecessary burden of class discovery.  Where, as here, "the matter is sufficiently obvious from the pleadings, a court may strike class allegations" from the pleadings with no class discovery.  *Route v. Mead Johnson Nutrition Co.*, No. CV 17-7530-GWJEMx, 2013 WL 658251, at *8 (C.D. Cal. Feb. 21, 2013); *see also Stewart v. Kodiak Cakes, LLC*, No. 19-CV-2454-MMA (MSB), 2021 WL 1698695, at *7 (S.D. Cal. Apr. 29, 2021) (quoting *In re Carrier IQ, Inc.*, 78 F. Supp. 3d 1051, 1074 (N.D. Cal. Jan. 21, 2015)) ("The Court has reservations about subjecting Defendant 'to the expense and burden of nationwide discovery without Plaintiffs first securing actual plaintiffs who clearly have standing and are willing and able to assert claims under these state laws.'").

## IV. <u>ARGUMENT</u>

The Court should dismiss or strike Plaintiffs' nationwide class allegations for at least two reasons.  First, Plaintiffs lack standing to assert breach of contract claims under the common law of states whose law does not govern their individual GAP Agreements or relationship with COAF.  Second, the Complaint makes it clear on its face that Plaintiffs cannot meet Rule 23's requirements for class certification for several reasons, including material differences in state law and the specific contracts. As explained below, the Court should dismiss or strike Plaintiffs' nationwide class claims before the parties waste resources to conduct discovery on a nationwide basis when no nationwide class could ever be certified given the fatal problems outlined below.

### A. **Plaintiffs Lack Standing to Assert Common Law Claims on Behalf of Class Members From Jurisdictions With Which Plaintiffs Have No Connection.**

Plaintiffs attempt to assert common law claims on behalf of a nationwide class, which would necessarily rely on the state substantive laws from all 51 jurisdictions.  Plaintiffs seek to bring this claim despite only having connections to

the two jurisdictions that govern their individual breach of contract claims: Texas and Minnesota.  In COAF's Memorandum in Support of its Motion to Dismiss ("Memorandum"), COAF sets forth the clear Ninth Circuit precedent holding that, in order to represent a class based on a particular state's substantive law, the plaintiffs must produce a named plaintiff from that state.  Memorandum at 24 (citing *Schertzer v. Bank of Am., N.A.*, 445 F. Supp. 3d 1058, 1073 (S.D. Cal. 2020) (dismissing nationwide class allegations for breach of contract because the named plaintiffs all resided in California and did not have standing to bring breach of contract claims on behalf of nationwide class); *Mercado v. Audi of Am., LLC*, No. ED CV18-2388 JAK (SPx), 2019 WL 9051000, at *15 (C.D. Cal. Nov. 26, 2019) ("[J]udges in this circuit who have addressed the question opt to require that plaintiffs present named class representatives who possess individual standing to assert each state law's claims."); *Mollicone v. Univ. Handicraft, Inc.*, No. 2:16-cv-07322-CAS (MRWx), 2017 WL 440257, at *10 (C.D. Cal. Jan. 30, 2017) (dismissing claims based on laws of states other than those represented by named plaintiffs)).  COAF incorporates Section E of its Memorandum as if fully set forth herein.

For the reasons set forth in the Memorandum, the Court should dismiss Plaintiffs' nationwide class claims because Plaintiffs lack standing to sue under the laws of jurisdictions with which they have no connection.  However, if the Court believes it is more appropriate to strike those allegations instead, COAF moves to strike the nationwide class allegations for those same reasons.

**B. Plaintiffs' Proposed Nationwide Class Cannot Satisfy Rule 23.**

According to the Complaint, Plaintiffs' nationwide class would consist of all persons across the country who paid off their finance agreements early but did not receive a GAP Refund.  But one of the two named Plaintiffs *was tendered* a refund

under state law governing her contract (Fernandez),[2] and the other failed to satisfy his condition precedent to be entitled to a refund (Becker).  Plaintiffs' claims for breach of contract and declaratory relief would require application of varying laws from 51 jurisdictions notwithstanding the highly individualized circumstances surrounding each putative class member's contract language and individual facts. Certifying a nationwide class under these circumstances conflicts with Rule 23, and the deficiencies in Plaintiffs' nationwide class allegations are clear on the face of the Complaint.  Given the clear and wide-ranging variations in state law and the individual contracts that would apply here, the Court should strike or dismiss Plaintiffs' nationwide class allegations at this stage, rather than wait until class certification to do the same.

When a plaintiff attempts to bring a nationwide class action under the Class Action Fairness Act, 28 U.S.C. § 1332(d), and invokes Rule 23(b)(3), a problem arises where "differences in state law are material, that is, if they make a difference in the litigation." *Mazza v. Am. Honda Motor Co., Inc.*, 666 F.3d 581, 585 (9th Cir. 2012) (vacating class certification order because district court erred in concluding that California state law could be applied to nationwide class of car lessees, where relevant common law varied materially, and other states had interests in enforcing own laws).  When these state law variations are material, and the interests of the other states outweigh those of the forum state, class certification is improper. *Id.* Here, the substantive—and often conflicting—laws of 51 jurisdictions preclude any finding of commonality or predominance.

Indeed, many courts have recognized that material variations in state law

---

[2] COAF's tender of a refund to Fernandez defeats her standing to assert claims against COAF in this case, as described in COAF's contemporaneously filed Motion to Dismiss.  Additionally, because Fernandez was tendered a refund before the start of this lawsuit, she does not meet the class definition alleged in the Complaint and cannot meet Rule 23's requirements for class certification.

related to claims for breach of contract are grounds to strike class allegations.  *See, e.g.*, *id.*; *Weisberg v. Takeda Pharms. U.S.A., Inc.*, No. CV 18-784 PA (JCx), 2018 WL 4043171, at *9-10 (C.D. Cal. Aug. 21, 2018) (denying motion to certify nationwide breach of contract class based on *Mazza*); *Decker v. Mazda Motor of Am., Inc.*, No. SACV 11-0873 AG-MLG, 2013 WL 12129281, at *7 (C.D. Cal. Mar. 29, 2013) (applying *Mazza* in denying motion to reconsider holding that California's consumer protection laws could not be applied to proposed nationwide class); *Gustafson v. BAC Home Loans Servicing, LP*, 294 F.R.D. 529, 540 (C.D. Cal. 2013) (holding that proposed nationwide consumer protection class failed under *Mazza*); *Gianino v. Alacer Corp.*, 846 F. Supp. 2d 1096, 1100-02 (C.D. Cal. 2012) (applying *Mazza* in denying motion to certify nationwide consumer protection and fraud class); *see also Grace v. Apple, Inc.*, 328 F.R.D. 320, 348 (N.D. Cal. 2018) (denying motion to certify nationwide trespass to chattels class because doing so would require application of 50 states' laws); *In re First Am. Home Buyers Prot. Corp. Class Litig.*, 313 F.R.D. 578, 603 (S.D. Cal. 2016) (denying motion to certify nationwide unfair competition law class); *Pilgrim v. Univ. Health Card, LLC*, 660 F.3d 943, 947 (6th Cir. 2011) (affirming the striking of class allegations where variations in consumer-protection laws would predominate over common issues).

It is axiomatic that "the law on predominance under [Rule] 23 requires the district court to consider variations in state law when a class action involves multiple jurisdictions."  *Lozano v. AT&T Wireless Servs., Inc.*, 504 F.3d 718, 728 (9th Cir. 2007).  Here, Plaintiffs cannot meet their burden of establishing a common question that can resolve breach of contract under each of the different state laws in one stroke.  As explained below, material differences defeat predominance with respect to Plaintiffs' common law breach of contract claim and request for declaratory relief.  These differences include, but are not limited to, elements of the claims, the standards of proof, and defenses available, such as the statute of limitations.

In addition to patent problems with predominance, Plaintiffs cannot meet Rule

23(a)(3)'s typicality requirement for the same reasons.  It is apparent from the Complaint that this case involves a variety of diverse GAP agreements with differing terms.  The typicality requirement is not met when a named plaintiff signed a different version of a contract than a putative class member.  *See, e.g.*, *Gustafson*, 294 F.R.D. at 542 (denying motion for class certification, noting there were "conforming loan mortgage contracts, non-conforming loan mortgage contracts, and template forms used by over 3,000 lenders" and adding that "[t]he sheer number of form contracts at issue here counsels against certification"); *Schulken v. Wash. Mut. Bank*, No. 09-CV-02708, 2012 WL 28099, at *12 (N.D. Cal. Jan. 5, 2012) (concluding typicality requirement not met because proposed class "contains multiple form contracts with materially different language [which] raises the possibility that there may be a breach of contract for some class members but not others").  Due to the differences in the potentially thousands of GAP agreements at issues in this case, individual issues predominate, and class treatment is not appropriate. *See, e.g.*, *Herrera vs. Wells Fargo Bank, N.A.*, No. SACV 18-332 JVS(MRWx), 2020 WL 5802421, at *4 (C.D. Cal. Sept. 1, 2020) (Selna, J.) (analyzing specific language in 11 different GAP agreements).  Like this matter, the *Herrera* plaintiffs alleged that Wells Fargo Bank had a contractual obligation to issue the named plaintiffs unearned GAP fee refunds notwithstanding the language in their individual contracts.  The Court examined each contract and focused on the specific language in each contract to determine whether the claims were barred by failure to allege satisfaction with the condition precedent and taking into account a particular's state's law. *Id.*  COAF addresses the specific problems with Plaintiffs' proposed nationwide class for the common law breach of contract and declaratory relief claims below.

### 1. Breach of Contract.

Plaintiffs' proposed nationwide breach of contract class fails because of the inherent myriad variations in state law applicable to breach of contract actions as

well as the specific individualized circumstances of each putative class member.  As a result, the Court should strike the nationwide allegations with respect to this claim.

Class certification is not appropriate where there are material differences in state law, and there are necessarily material differences in state law applicable to breach of contract actions.  *See, e.g.*, *Gustafson*, 294 F.R.D. at 544-45 (denying class certification on breach of contract claim because "the differences among states' breach of contract laws are material in this instance as they could greatly affect how the relevant provisions of the agreements are interpreted and ultimately whether there was a breach of those provisions"); *Lane v. Wells Fargo Bank, N.A.*, No. C 12-04026 WHA, 2013 WL 3187410, at *4 (N.D. Cal. June 21, 2013) (denying motion to certify a nationwide breach of contract class because applying the laws of 50 states on at least two different contracts would "swamp any common issues and defeat predominance") (quoting *Castano v. Am. Tobacco Co.*, 84 F.3d 734, 741 (5th Cir. 1996)); *see also Broussard v. Meineke Discount Muffler Shops, Inc.*, 155 F.3d 331, 340 (4th Cir. 1998) (remanding because class certification was improper on breach of contract claims where claims would require examination of individual contract language); *Rapp v. Green Tree Servicing, LLC*, 302 F.R.D. 505, 512 (D. Minn. 2014) ("Whether this first-material-breach doctrine applies—and whether any particular class member's breach of the mortgage was 'material'—would require an analysis of the facts of each case and the law of each of the 50 states."); *Bowers v. Jefferson Pilot Fin. Ins. Co.*, 219 F.R.D. 578, 583 (E.D. Mich. 2004) (denying motion to certify nationwide breach of contract class where there was "significant variation in the laws of the states"); *Lichoff v. CSX Transp., Inc.*, 218 F.R.D. 564, 574 (N.D. Ohio 2003) (denying motion to certify class because "the laws of *six* states would apply to the breach of contract claim," which "would make it burdensome to instruct a jury on the legal standards" (emphasis added)); *Jim Moore Ins. Agency, Inc. v. State Farm Mut. Auto. Ins. Co.*, No. 02-80381-Civ, 2003 WL 21146714, at *13 (S.D. Fla. May 6, 2003) (denying motion to certify class because "variations in tort and contract law

of the several governing jurisdictions, as well as the sheer volume of individual factual variations that would arise at trial, overwhelm the common issues"); *In re Jackson Nat'l Life Ins. Co. Premium Litig.*, 183 F.R.D. 217, 223 (W.D. Mich. 1998) (denying certification based on "variations" in state contract law); *Coca-Cola Bottling Co. of Elizabethtown, Inc. v. Coca-Cola Co.*, 95 F.R.D. 168, 178 (D. Del. 1982), *on recons.*, 98 F.R.D. 254, 266 & n.29 (D. Del. 1983) (denying motion to certify 32-state breach of contract class).

Here, the choice-of-law provision identified in each class member's governing contract will govern their claims—generally the law of the state where the transaction took place.[3]  The result would be the burdensome task of applying contract law from 51 jurisdictions.  The jury instructions in this case would necessarily have to include all material differences in state law from all 51 jurisdictions around the country—a Herculean if not impossible task.  *Lichoff*, 218 F.R.D. at 572 (denying motion for class certification because of differences between six states' laws related to breach of contract).  As a result, Rule 23 certification of Plaintiffs' putative nationwide breach of contract class fails for many reasons.  The proposed class lacks the required commonality and predominance because the "applicable law derives from the law of the 50 states" and D.C.  *Zinser v. Accufix Res. Inst., Inc.*, 253 F.3d 1180, 1189 (9th Cir. 2001).  Material differences in state contract laws "compound the disparities among class members."  *Id.*; *see also Gustafson*, 294 F.R.D. at 544 (denying motion to certify class, explaining "that the differences among states' breach of contract laws" could "greatly affect" the

---

[3] Though, while Fernandez is a California resident, her contract is governed by Texas law per her agreement's valid choice-of-law provision.  Billups Decl. Ex. A at 1.  Thus, a class member's state of residence is not determinative of what law applies.  For each class member whose contract includes a choice-of-law provision (which is likely the vast majority if not all), the Court would have to first determine whether the choice-of-law clause is valid under the varying states' laws, which adds another layer to the analysis and reinforces the impropriety of class wide treatment.

interpretation of the contract provisions at issue "and ultimately whether there was a breach of those provisions," and specifically noting "key differences among states laws regarding, for instance, the admissibility of extrinsic evidence").

Plaintiffs cannot show commonality or predominance due to the material differences in state law governing many issues relating to breach of contract claims. At a minimum, these five issues are subject to disparate state breach of contract laws: (1) differences in plaintiffs' contract forms; (2) differences in treatment of conditions precedent and substantial performance; (3) differences in statutes of limitation; (4) differences in the viability of Plaintiffs' agency theory; and (5) differences in plaintiffs' inability (or ability) to assert claims against COAF as an assignee.

### a. Differences in Contract Forms Alone Preclude Certification.

First, courts generally decline to certify a class under Rule 23(b)(3) when the contracts themselves are different. *See, e.g., Gustafson*, 294 F.R.D. at 543 (denying class certification and recognizing that "the variety and great number of form contracts at issue here would alone preclude class certification"); *Westways World Travel, Inc. v. AMR Corp.*, No. EDCV 99-386, 2005 WL 6523266, at *9 (C.D. Cal. Feb. 24, 2005), *aff'd*, 265 F. App'x 472 (9th Cir. 2008) (decertifying class and finding that "[t]he sheer number of additional agreements, even though many are form contracts, suggests that individualized issues would predominate in this case"); *Klay v. Humana, Inc.*, 382 F.3d 1241, 1263 (11th Cir. 2004) (reversing certification of contract claim class due in part to the "sheer number" of "different form contracts"), *abrogated on other grounds by Bridge v. Phoenix Bond & Indem. Co.*, 553 U.S. 639 (2008).[4]  COAF has not found a single decision in the Ninth Circuit granting certification of a nationwide class that includes a breach of contract claim

---

[4] The named Plaintiffs' state subclasses will also fail for this same reason because the Court would have to parse through each individual contract even when evaluating the contracts under a particular state's law.

where materially different contracts are at issue.

This issue is embodied by Plaintiffs' own individual GAP Agreements before even considering the agreements of unnamed plaintiffs from across the country. For example, Texas law, which requires indirect finance companies to ensure a refund is tendered to customers who pay off their RISCs early, *see* Tex. Fin. Code § 354.007(e), governs Fernandez's agreement. Billups Decl. Ex. A at 1. Becker's agreement, however, is governed by Minnesota law, Billups Decl. Ex. B at 2, which separately requires borrowers like Becker submit a written request for a refund before they are entitled to a refund. *See* Minn. Stat. Ann. § 59D.07(2)(b). Additionally, based on the terms of their individual GAP Agreements, Fernandez would have to prove satisfaction of the condition precedent of submitting pre-suit notice as well—a condition precedent that may be found in other contract forms as well, but would require a contract-by-contract review. *See Hanon v. Dataproducts Corp.*, 976 F.2d 497, 508 (9th Cir. 1992) (denying class certification because the named plaintiffs were subject to defenses not typical of the putative class, which made class certification inappropriate); *Backus v. ConAgra Foods, Inc.*, No. C 16-00454 WHA, 2016 WL 7406505, at *5 (N.D. Cal. Dec. 22, 2016) (citing *Hanon* and denying class certification where unique defenses to named plaintiffs' claims would "become the focus of th[e] litigation"). Because the GAP Agreements of just the two named plaintiffs vary so significantly and present defenses unique to the named plaintiffs given their own particular circumstances, the pleadings alone make clear that this case is not susceptible to class wide proof across a nationwide class, which would involve hundreds or thousands of plaintiffs with contracts varying in similar or even greater degrees.

### b. Law on Conditions Precedent and Substantial Performance Also Varies Materially by State.

Second, there are material differences among the various breach of contract theories Plaintiffs advance in the Complaint. First, Plaintiffs' breach of contract

- 13 -

claim, in part, relies on the theory that they (and all putative class members) "substantially complied" with all contractual obligations under their GAP Agreements, which would include any refund request provision, by simply paying off their RISCs, which they had to do anyway under separate terms of their RISCs. *See* Compl. ¶¶ 26(g), 42.  But evaluating whether Plaintiffs' performance of their contractual obligation *to repay their RISCs* excuses, or constitutes substantial performance of, performance of the *separate contractual or statutory obligation to make a written request for a GAP refund* requires examination of the laws of all 51 jurisdictions about (1) when performance of a contractual of statutory condition is excused, (2) whether the doctrine of "substantial performance" applies to conditions precedent, and (3) if so, what conduct constitutes substantial performance.

As one example, states differ on whether "substantial performance" can even satisfy a condition precedent, such as a provision requiring submission of a written refund request, as case law from many states firmly establishes that ***strict***, not substantial, compliance is required for conditions precedent.  *See, e.g.*, *Herrera*, 2020 WL 5802421, at *6 (Selna, J.) (citing cases); *Evergreen Square of Cudahy v. Wis. Hous. & Econ. Dev. Auth.*, No. 13-CV-743-JPS, 2016 WL 53871, at *9 (E.D. Wis. Jan. 4, 2016); *HDS Retail N. Am., L.P. v. PMG Int'l, Ltd.*, No. H-10-3399, 2012 WL 4485332, at *2 (S.D. Tex. Sept. 27, 2012); *Kinesoft Dev. Corp. v. Softbank Holdings Inc.*, 139 F. Supp. 2d 869, 889-90 (N.D. Ill. 2001); *Cambridge Techs., Inc. v. Argyle Indus., Inc.*, 807 A.2d 125, 134 (Md. Ct. Spec. App. 2002); *Edwards v. Storms,* 294 S.W. 165, 167 (Ky. 1927).  Other jurisdictions, such as California, appear to have case law indicating that substantial performance can satisfy a condition precedent in some situations. *Herrera*, 2020 WL 5802421, at *6.[5]  To further complicate the issue, some jurisdictions appear to have no case law establishing whether substantial performance can apply to conditions precedent.  In

---

[5] COAF does not believe that early payoff can ever constitute substantial performance.

these situations, the Court would have to decide how different state courts would resolve this issue or certify questions to foreign state courts.

### c.  Statutes of Limitations Differ As Well.

Third, setting aside Plaintiffs' own allegations, the differences in case law applicable to COAF's defenses, such as statutes of limitations, also weigh against class certification.   When application of different statutes of limitations using different states' laws is required, class certification of a breach of contract claim is not appropriate.  *See Gustafson*, 294 F.R.D. at 546-47; *Keegan v. Am. Honda Motor Co., Inc.*, 284 F.R.D. 504, 544-45 (C.D. Cal. 2012) (holding different statutes of limitation required certification of several subclasses instead of one single class); *Contos v. Wells Fargo Escrow Co., LLC,* No. C08-838Z, 2010 WL 2679886, at *7 (W.D. Wash. July 1, 2010).  Here, the statutes of limitations that would apply to class members' claims might span a wide spectrum from three to 15 years.  *See, e.g.*, Colo. Rev. Stat. § 13-80-101(1)(a) (three years); Wis. Stat. § 893.43 (six years); 735 Ill. Comp. Stat. 5/13-206 (10 years); Ky. Rev. Stat. § 413.090(2) (15 years).

Due to these material differences in state law, nationwide class treatment is not appropriate here.  For all of these reasons, the Court should strike or dismiss the nationwide class allegations as to the breach of contract claim.

### 2.  Declaratory Relief.

Plaintiffs also seek to certify a Rule 23(b)(2) class through their claim for declaratory relief in Count III.  Compl. ¶¶ 56-59.  Specifically, Plaintiffs seek an order declaring that:

a.   [COAF], as the assignee, owes a contractual obligation to the customer under the GAP [Agreement] to refund unearned GAP fees when the finance agreement has been paid off early [and]

b.   [COAF] is required to pay interest on any unearned GAP fees that it collects when the finance agreement has been paid off early and which it subsequently fails to promptly refund.

Compl. ¶ 59(a)-(b).

Because Plaintiffs seek an order declaring that COAF owes contractual obligations under each RISC and GAP Agreement, the declaratory relief request necessarily turns on resolution of the breach of contract claim. As explained above, adjudication of the putative class' breach of contract claims, in turn, would require analysis of common law from all 51 jurisdictions, and therefore a nationwide class for the declaratory relief claim cannot be certified due to the failure to satisfy Rule 23's predominance requirement. *Gustafson*, 294 F.R.D. at 544-45.

"The key to the [Rule 23](b)(2) class is 'the indivisible nature of the injunctive or declaratory remedy warranted—the notion that the conduct is such that it can be enjoined or declared unlawful only as to all of the class members or as to none of them.'" *Wal-Mart Stores, Inc. v. Dukes*, 564 U.S. 338, 360 (2011).

> In other words, Rule 23(b)(2) applies only when a single injunction or declaratory judgment would provide relief to each member of the class. It does not authorize class certification when each individual class member would be entitled to a different injunction or declaratory judgment against the defendant. *Similarly, it does not authorize class certification when each class member would be entitled to an individualized award of monetary damages.*

*Id.* at 360-61 (emphasis added).

Plaintiffs' declaratory relief claim is not certifiable because the claims of each individual class member are subject to the same individualized determinations that plague Plaintiffs' claims for monetary relief. Therefore, there is no single injunction or declaratory judgment that could apply to the entire class. *Id.* at 360 (holding that "claims for *individualized* relief . . . do not satisfy the Rule" (emphasis in original)). Because Plaintiffs' declaratory judgment claim is entirely derivative of the breach of contract claim, whether each particular contract imposes a contractual obligation on COAF will turn on language in that particular contract and the state law that governs that contract. Under these circumstances, class certification of Plaintiffs'

- 16 -

CAPITAL ONE'S MOTION TO STRIKE NATIONWIDE CLASS ACTION CLAIMS AND ALLEGATIONS

1   declaratory relief claim is not appropriate.

2        For example, in *Lozano*, the Ninth Circuit affirmed denial of class certification

3   of a declaratory judgment claim that was derivative of plaintiffs' money damages

4   claims under the Federal Communications Act ("FCA").  *See Lozano*, 504 F.3d at

5   729.  The court found class treatment inappropriate because the FCA claim involved

6   multiple issues of state law, including analysis of the underlying arbitration

7   agreement and class action waiver.  *Id.*  Because the declaratory judgment claim was

8   "parasitic" of the FCA claim, the court held that the lack of predominance applied

9   to it "with equal force," and class certification of the declaratory judgment claim was

10  inappropriate.  *Id.*; *see also Herskowitz v. Apple, Inc.*, 301 F.R.D. 460, 482 (N.D.

11  Cal. 2014) (denying class certification where the plaintiffs were "merely attempting

12  to lay a foundation for individual damages requests"); *Consolidate Fiberglass*

13  *Prods. Co. v. Gemini Ins. Co.*, No. 09-CV-1632-H (WMC), 2011 WL 13180451, at

14  *4 (S.D. Cal. Feb. 4, 2011) (denying certification of the declaratory judgment claim

15  where it was tied to examination of contract issues under state law).

16       Because Plaintiffs' declaratory relief claim is directly tied to and derivative of

17  the breach of contract claim, the same predominance analysis applies to this claim,

18  and class certification is equally inappropriate.  *See Lozano*, 504 F.3d at 729.  To use

19  the words of the Ninth Circuit, Plaintiffs' declaratory judgment claim is entirely

20  "parasitic" of their breach of contract claim.  *Id.*  Therefore, Plaintiffs' declaratory

21  relief claim is not amenable to class treatment under Rule 23(b)(2), and the Court

22  should strike or dismiss the class allegations as to Count III.

23  ## V.   **CONCLUSION**

24       This Court should strike Plaintiffs' proposed nationwide classes for multiple

25  independent reasons.  First, as laid out in COAF's Motion to Dismiss, Plaintiffs lack

26  standing to assert nationwide causes of action based on the laws of the jurisdictions

27  with which they have no connection and which do not govern their contracts.  Rather,

28  Plaintiffs only have standing to assert class wide causes of action under the two

state's laws that govern each of their individual contracts.  Second, even if Plaintiffs had standing to bring nationwide breach of contract claims, material differences in state law preclude nationwide certification of these claims.  For these same reasons, nationwide class treatment of Plaintiffs' declaratory relief claim is inappropriate. Additionally, class treatment of the declaratory relief claim is improper because Plaintiffs allege that each class member would be entitled to money damages.

The deficiencies in Plaintiffs' class allegations are apparent from the face of the Complaint.  The Court should strike Plaintiffs' nationwide class allegations now, rather than wait to do the same at the class certification stage.

DATED:  June 8, 2021                    **McGUIREWOODS LLP**

                          By:    */s/ David C. Powell*
                                 David C. Powell
                                 Alicia A. Baiardo
                                 McGuireWoods LLP
                                 Two Embarcadero Center, Suite 1300
                                 San Francisco, CA  94111-3821
                                 Telephone:  415.844.9944
                                 Facsimile:  415.844.9922

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on this 8th day of June, 2021, I caused a true and correct copy of the foregoing **CAPITAL ONE, N.A.'S NOTICE OF MOTION AND MOTION TO STRIKE THE NATIONWIDE CLASS ACTION CLAIMS AND ALLEGATIONS AND MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF** to be filed electronically with the Clerk of the Court via the Court's CM/ECF system; upon completion of the filing, the ECF system automatically generated a "Notice of Electronic Filing" as service through CM/ECF to the registered e-mail addresses of the parties of record in this case.

*/s/ David C. Powell*
David C. Powell